JPL/JRS:JS
F. #2021R00545

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
*   JUNE 2, 2026   *
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

JOHN CHRISTIAN GELIN,
  also known as "Christian Gelin,"

████████████████

████████████████████ and

KAOLEE VANG-THAO,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

**I N D I C T M E N T**

Cr. No.  26-CR-157
(T. 18, U.S.C., §§ 982(a)(2)(A),
982(b)(1), 1349 and 3551 et seq.; T. 21,
U.S.C., § 853(p))

Judge Dora Lizette Irizarry
Magistrate Judge Robert M. Levy

THE GRAND JURY CHARGES:

At all times relevant to this Indictment, unless otherwise indicated:

I.     The Defendants and Relevant Entities

1.     The defendant JOHN CHRISTIAN GELIN, also known as "Christian Gelin," was a resident of Brooklyn, New York.   In or about October 2008, GELIN was convicted in the United States District Court for the Southern District of New York of conspiracy to commit bank fraud, wire fraud and mail fraud, and was sentenced to three years' imprisonment.   In connection with the scheme charged herein, GELIN held himself out using the name "Christian Gelin" and did not disclose his true identity or criminal background to investors.

2.     The defendant ████████████████ was a resident of Queens, New York.

3.     The defendant ████████████████████ was a resident of California.

4.     The defendant KAOLEE VANG-THAO was a resident of Minnesota.

5.      Kensington International, Inc. ("KI") was a purported real estate development company incorporated in the State of New York.   The defendant JOHN CHRISTIAN GELIN represented that he was the Founder and Chief Executive Officer of KI. GELIN controlled and was a signatory on KI's bank accounts.   The defendant ████ ████ represented that he was the President and Vice President of Client Development of KI.

6.      Artist Financial Program ("AFP") was a purported real estate development and promotional company for aspiring artists and musicians.   AFP was not incorporated and was represented to prospective investors to be a subsidiary of KI.   The defendant ████ ████ represented that he was the Founder and Chief Executive Officer of AFP.

7.      The Funding Club Consulting ("TFC") was a purported consulting firm registered in California.   The defendant ████████ represented that she was the President, Chief Executive Officer and Operations Manager of TFC.   ████ controlled and was a signatory on TFC's bank account.

8.      The Financial Saver Network ("FSN") was a purported consulting firm registered in Minnesota.   The defendant KAOLEE VANG-THAO represented that she was the Chief Executive Officer of FSN.   VANG-THAO controlled and was a signatory on FSN's bank account.

9.      The Business Buyers Club, LLC ("BBC") was a purported consulting firm registered in the State of New York.   The defendant JOHN CHRISTIAN GELIN represented that he was the Chief Executive Officer of BBC.   GELIN controlled and was a signatory on BBC's bank account.

10.     Bank-1, a financial institution the identity of which is known to the Grand Jury, was a Federal Deposit Insurance Corporation ("FDIC")-insured bank.  Bank-1 conducted business in several states, including New York.

11.     Bank-2, a financial institution the identity of which is known to the Grand Jury, was an FDIC-insured bank.  Bank-2 conducted business in several states, including New York.

II.     The Defendants' Fraudulent Scheme

12.     In or about and between February 2017 and February 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOHN CHRISTIAN GELIN, ███████████████████████████ and KAOLEE VANG-THAO, together with others, devised and executed a scheme and artifice to defraud financial institutions, investors and prospective investors in potential real estate transactions involving KI and AFP.  As part of the fraudulent scheme, GELIN, ███████ ███████ and VANG-THAO, together with others, solicited investors who had limited assets but high credit scores.  GELIN, ███████████ and VANG-THAO, together with others, guided the investors so that they could obtain lines of credit from financial institutions, including Bank-1 and Bank-2, often using false information, and then transfer the loaned funds to accounts that GELIN, ██████████████ VANG-THAO and others controlled and to which the investors and financial institutions had no access.

13.     The defendants JOHN CHRISTIAN GELIN and ████████████ represented to prospective investors that investments in KI and AFP would be used to purchase distressed real estate that would be rehabilitated and resold for profit.  GELIN and ██████ promised prospective investors 40 percent from the resale of these rehabilitated properties.  In addition, GELIN and ██████████ represented to prospective investors that KI and AFP would

pay any monthly minimum payments associated with the credit lines that had been opened on the investors' behalf.

14.    Based on these representations, several dozen investors executed joint venture agreements with KI.  The defendant JOHN CHRISTIAN GELIN countersigned the joint venture agreements with the investors on behalf of KI.  The defendant ▮▮▮▮▮▮ also signed certain of the joint venture agreements, in addition to GELIN.

15.    After investors executed the joint venture agreements, the defendant ▮▮▮▮▮▮ directed the investors to contact either the defendant ▮▮▮▮▮▮ ▮▮▮▮▮▮ at TFC or the defendant KAOLEE VANG-THAO at FSN.  In furtherance of the scheme, ▮▮▮▮▮▮ and VANG-THAO: (a) applied for lines of credit on behalf of the investors with financial institutions, including Bank-1 and Bank-2, which lines of credit included both traditional loans and credit cards; (b) created email addresses that the defendants controlled on behalf of the investors and submitted credit applications containing the investors' personal identifiers; (c) on certain occasions, made material misrepresentations on the applications to the lenders, including by inflating the investors' incomes; (d) advised investors to lie to lenders when responding to lender inquiries by, for example, representing that the purpose of the loans was to renovate the investors' personal residences; and (e) did not permit investors to review the applications for accuracy before the applications were submitted to the lenders.

16.    With respect to traditional loans, investors were instructed to transfer approximately 15 percent of the loan proceeds to bank accounts controlled by either the defendant ▮▮▮▮▮▮ or the defendant KAOLEE VANG-THAO, depending on who had guided them in applying for the loans.  Investors were directed to transfer the remaining approximately 85 percent of the loan proceeds to a bank account controlled by the defendant JOHN CHRISTIAN GELIN.

17.     With respect to credit cards, the defendant ██████████████ charged the investors' credit cards using a terminal that was registered to BBC. The proceeds of these credit card transactions were deposited into bank accounts controlled by the defendant JOHN CHRISTIAN GELIN.

18.     Generally, KI and AFP initially made monthly payments towards the investors' loans and credit card bills. After a few months, they stopped doing so. The investors, however, were still responsible for paying the lenders because the loans and credit cards had been opened in the names of the investors. Many investors lacked the resources to repay the lenders, and several declared bankruptcy. As a result, several of the lenders were not repaid for the loans that they extended to investors as part of the scheme.

19.     When investors complained that KI and AFP were no longer servicing the loans and credit cards, the defendants JOHN CHRISTIAN GELIN and ██████████████ told investors that the promised real estate transactions would soon materialize and that their funds would be returned, along with interest and additional profit. On occasion, GELIN and ██████████ made small payments to the victims to convince them that additional payments would be forthcoming.

20.     The majority of properties shown to investors in KI and AFP advertising materials were never actually purchased by KI or AFP. Instead, the defendant JOHN CHRISTIAN GELIN misappropriated investor funds to pay his operational expenses related to the scheme and to contribute to his and his family's personal expenses. In addition, GELIN transferred certain investor funds to the defendant ██████████████ who also used those funds for his own personal expenses. Further, the defendants ██████████████ and KAOLEE VANG-THAO used the 15 percent of the loan proceeds that they received to pay their operational expenses related to the scheme and for their own personal expenses.

6

21.    In total, investors lost at least $4.2 million from the defendants' fraudulent scheme.

## COUNT ONE
### (Conspiracy to Commit Wire Fraud)

22.    The allegations contained in paragraphs one through 21 are realleged and incorporated as if fully set forth in this paragraph.

23.    In or about and between May 2017 and February 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOHN CHRISTIAN GELIN, also known as "Christian Gelin," ███████████ ██████████████ and KAOLEE VANG-THAO, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud one or more financial institutions, to wit: Bank-1 and Bank-2, and one or more investors and potential investors in real estate transactions involving KI and AFP, and to obtain money and property by means of one or more materially false and fraudulent pretenses, representations and promises, all affecting financial institutions, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted, by means of wire, radio and television communication in interstate and foreign commerce writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## COUNT TWO
### (Conspiracy to Commit Bank Fraud)

24.    The allegations contained in paragraphs one through 21 are realleged and incorporated as if fully set forth in this paragraph.

25.    In or about and between May 2017 and February 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the

7

defendants JOHN CHRISTIAN GELIN, also known as "Christian Gelin," ▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓ and KAOLEE VANG-THAO, together with others, did knowingly and intentionally conspire to execute a scheme and artifice to defraud one or more financial institutions, to wit: Bank-1 and Bank-2, and to obtain money, funds, credits, assets, securities and other property owned by, and under the custody and control of, said financial institutions, by means of one or more materially false and fraudulent pretenses, representations and promises, contrary to Title 18, United States Code, Section 1344.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

26.     The United States hereby gives notice to the defendants that, upon their conviction of either of the offenses charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(2)(A), which requires any person convicted of such offenses to forfeit any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses.

27.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided

without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other

property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(2)(A) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

By David Pitluck, Assistant U.S. Attorney
_____
JOSEPH NOCELLA, JR.
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK